**KAZEROUNI LAW GROUP, APC**
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **REBECA MINGURA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CREDIT ONE BANK, N.A.,**<br><br>Defendant. | **Case No.:** 4:25-cv-06712-AMO<br><br>**PLAINTIFF'S OBJECTIONS TO REPLY EVIDENCE PURSUANT TO LOCAL RULE 7-3(D)(1)**<br><br>**HON. ARACELI MARTINEZ-OLGUIN** |

KAZEROUNI LAW GROUP, APC

## I. INTRODUCTION

Pursuant to Local Rule 7-3(d)(1), REBECA MINGURA ("Plaintiff") through her respective counsel, hereby submits the following objections to the new evidence submitted by Defendant Credit One Bank, N.A. ("Defendant") on reply (Dkt. No. 29) in support of Defendant's Motion to Compel Arbitration (Dkt. No. 22) ("Motion"), which is presently set for a hearing on June 4, 2026, at 2:00 p.m. *See* Dkt. No. 22.[1]

## II. THE COURT SHOULD STRIKE THE NEW EVIDENCE (EXHIBITS J-K) SUBMITTED BY DEFENDANT FOR THE FIRST TIME ON REPLY

In Defendant's reply brief, Defendant improperly includes a thirty-three-page Supplemental Declaration of Michael Wiese (Dkt. No. 29), inclusive of three *new* exhibits (Exhibits J-K), despite having that information and evidence in its possession at the time Defendant filed its opening motion. This is improper and the Court should decline to consider this new evidence on reply.

Local Rule 7-3(d)(1) permits an objection to reply evidence where "new evidence has been submitted in the reply." L-R 7-3(d)(1). "A party is not entitled to submit new evidence with their reply brief, especially when such evidence could have been collected and submitted earlier." *Andrade v. Am. First. Fin., Inc.,* 2022 U.S. Dist. LEXIS 178670, at *6 (N.D. Cal. Sept. 29, 2022) (citing *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of

---

[1] On April 3, 2026, the Parties filed a Joint Stipulation to Stay the Case (Dkt. No. 25), which was granted on April 8, 2026 (Dkt. No. 27), and the case was stayed through Friday, May 8, 2026. Defendant filed its Reply Brief on May 8, 2026 (Dkt. No. 29) while the stay was still in effect. Defendant should have filed its Reply Brief the next business day after the stay was lifted (i.e., Monday, May 11, 2026). Therefore, these objections are timely under Local Rule 7-3 as they are being filed within 7 days of May 11, 2026.

KAZEROUNI LAW GROUP, APC

new issues and submission of new facts in [a] reply brief is improper"). Indeed, "[t]he reply brief is not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the movant's opening brief." *Mercado v. Sandoval, Inc.,* No. 2:08-cv-02648-GEB-EFB, 2009 U.S. Dist. LEXIS 63267, at *5 (E.D. Cal. July 8, 2009) (noting when "a movant injects new evidentiary materials in a reply brief that should have been included in the opening brief" the non-moving party is deprived of an opportunity to respond). Accordingly, the court may decline to consider or may strike new evidence improperly raised for the first time in a reply brief. *Roe v. Doe.,* No. C-09-0682-PJH, 2009 U.S. Dist. LEXIS 59440, at *5 (N.D. Cal. June 30, 2009); *see also, Dutta v. State Farm Mut. Auto. Ins. Co*., 895 F.3d 1166, 1171 (9th Cir. 2018) (noting Local Rule 7-3(d) "provides the aggrieved party with the opportunity to object to the district court's consideration of the newly submitted evidence or to request leave to file a sur-reply opposition to it").

Here the Supplemental Declaration of Michael Wiese (Dkt No. 29) and Exhibits J-K attached thereto submitted with Defendant's reply brief (Dkt. No. 28) constitute newly submitted evidence for the first time in reply that should not be considered in adjudicating Defendant's Motion. This evidence was available and could have been submitted with Defendant's opening Motion. The Court should decline to consider the Supplemental Declaration of Michael Wiese and Exhibits J-K attached thereto. *See Unite Here Ret. Fund v. City of San Jose*, No. 5:20-cv-06069-EJD, 2023 U.S. Dist. LEXIS 140636, at *19-20 (N.D. Cal. Aug. 11, 2023) (declining to consider a new declaration submitted on reply because the non-moving party did not have an "opportunity to substantively respond to that declaration"). Defendant should not be afforded the ability to submit new evidence on reply.

//

//

KAZEROUNI LAW GROUP, APC

## III. CONCLUSION

Based on the forgoing, the Court should not consider the Supplemental Declaration of Michael Wiese and Exhibits J-K attached thereto in ruling on Defendant's Motion.

Dated: May 18, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Pamela E. Prescott, Esq.*
Pamela E. Prescott, Esq.
*Attorneys for Plaintiff*