UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REBECA MINGURA,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No. 25-cv-06712-AMO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW AND DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 22, 39 |

This is a case concerning debt collection activities. On February 6, 2026, Credit One Bank, N.A. moved to compel arbitration, and the parties fully briefed the issue. Dkt. Nos. 22, 26, 28. On June 24, 2026, Kazerouni Law Group APC moved to withdraw as counsel for Rebeca Mingura. Dkt. No. 39. The parties presented oral argument regarding both motions on July 1, 2026. As stated on the record, Mingura's motion to withdraw is **GRANTED**. Within 60 days, either newly retained counsel shall appear on behalf of Mingura, or she **SHALL FILE** a notice of intention to proceed without counsel. If Mingura does not make either filing on or before **September 8, 2026**, this Court shall enter an Order to Show Cause why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons below, the Court **DENIES** Credit One's motion to compel arbitration without prejudice. This order assumes familiarity with the facts underlying Credit One's motion.

## I. DISCUSSION

Credit One seeks to enforce the terms of a cardholder agreement containing an arbitration provision against Mingura. Dkt. No. 22. "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Godun v. JustAnswer LLC*, 135 F.4th 699, 708 (9th Cir. 2025) (citations omitted). Further, when

United States District Court
Northern District of California

resolving a dispute about contract formation, the Court applies a summary judgment standard. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Thus, all reasonable doubts and inferences must be weighed in favor of Mingura. *Hall-Johnson v. Citibank, N.A.*, No. 23-cv-05378-JST, 2024 WL 1590645, at *3 (N.D. Cal. Mar. 11, 2024) (citation omitted). Since Credit One seeks to enforce the arbitration provision, it bears the burden to prove that Mingura entered into an arbitration agreement. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (citation omitted).

The parties dispute whether California or Nevada law determines if Mingura entered into a contract. Dkt. No. 22 at 10; Dkt. No. 26 at 11. Under both states' laws, a party must have at least inquiry notice of the contract's terms to manifest assent. *See Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972) (holding that an outward expression of assent is insufficient to manifest assent if "the offeree does not know that a proposal has been made to him" or if there are "inconspicuous contractual provisions of which he was unaware"); Nev. Rev. Stat. § 97A.140(2) ("An issuer shall *provide* the cardholder with the terms and conditions that govern the use of the credit card, in writing, before or at the time of the receipt of the credit card. A cardholder shall be deemed to have accepted the written terms and conditions *provided by the issuer* upon subsequent actual use of the credit card." (emphasis added)). Indeed, Credit One argues that "[t]he question of which law applies is largely moot since the result under both jurisdictions is the same." Dkt. No. 28 at 3. So, the Court need not, and thus does not, reach this choice of law question.

Credit One asserts that it has sufficiently evidenced Mingura's assent to the cardholder agreement through her activation and use of the credit cards, implicitly relying upon the "mailbox rule." *See* Dkt. No. 22 at 10; Dkt. No. 28 at 2. The mailbox rule can create a rebuttable presumption that a contract was received and therefore agreed to through future conduct. *See, e.g.*, *Bernsley v. Barclays Bank Delaware*, 657 F. Supp. 3d 1327, 1331, 1335 & n.1 (C.D. Cal. 2023) (concluding that a declaration stating that mailing the credit card agreement was the company's business practice and describing that business practice, along with a declaration that the credit card agreement was mailed to the plaintiff on a specific date, created a presumption of mailing). Credit

2

United States District Court
Northern District of California

One attests that it is company policy to mail the cardholder agreement with the credit card and that it mailed Mingura that agreement, Dkt. No. 22-1 ¶¶ 7-8, but provides no evidence of its mailing or explanation of how it knows that company policy was followed.[1]  It has provided significantly more detailed declarations in other cases.  *See, e.g.*, *Jones v. Credit One Bank, NA*, No. 25-CV-0518-CVE, 2026 WL 622773, at *2 (N.D. Okla. Mar. 5, 2026) (Declaration annexed to Credit One's motion to compel stated that the credit card agreement was "in the same envelope 'at the time of receipt of the credit card.'").  Here, Credit One asks the Court to infer such key facts from its nebulous company policy.  *See* Dkt. No. 22-1 ¶¶ 2, 8.  That would flip the proper standard that all reasonable inferences must be drawn in favor of the non-moving party.  *See Hall-Johnson*, 2024 WL 1590645, at *3-4.  Because Credit One has not established that its policy was followed here, it has not established a contract.  *See Chambers v. Crown Asset Mgmt., LLC*, 71 Cal. App. 5th 583, 602 (2021) (holding that absent a predicate showing that the plaintiff was mailed an arbitration agreement, the party moving to compel arbitration had not proven that plaintiff consented to the agreement).

## II.    CONCLUSION

For the reasons stated on the record, the Court **GRANTS** Kazerouni Law Group APC's motion to withdraw as counsel for Mingura.  Kazerouni Law Group APC shall continue to serve any papers on Mingura until new counsel files an appearance or Mingura indicates that she will proceed without counsel, and shall serve Mingura with a copy of this order no later than **July 20, 2026**.

No later than **September 8, 2026**, Mingura **SHALL FILE** a notice of intention to proceed without counsel or new counsel shall file a notice of appearance.  If neither filing is made, the Court shall issue an Order to Show Cause why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

---

[1] Credit One's reply brief attached a supplemental declaration.  Dkt. No. 29.  Mingura objected under Civ. L.R. 7-3(d)(1).  Dkt. No. 32.  That rule "recognize[s] the potential inequities that might flow from the injection of new matter at the last round of briefing."  *Dutta v. State Farm Mut. Auto. Ins.* Co., 895 F.3d 1166, 1171-72 (9th Cir. 2018).  Because Mingura has not had a chance to respond to this evidence, the Court does not consider the supplemental declaration as it is best presented in any renewed motion.

Mingura may wish to consult helpful information for self-represented litigants at http://cand.uscourts.gov/proselitigants, including the Northern District's *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.  Mingura is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco.  A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center, calling the Legal Help Center appointment line at 415-782-8982, or emailing fedpro@sfbar.org.

For the foregoing reasons, the Court **DENIES** Credit One's motion to compel arbitration without prejudice.  Credit One may bring any renewed motion to compel arbitration no earlier than **September 8, 2026.**  A renewed motion filed prior to that date will be stricken.

**IT IS SO ORDERED.**

Dated: July 10, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Northern District of California

4